**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Kevin and Robbie Pollard, | : |
|  | : |
|              Plaintiffs, | :   Civil Action No.: 1:12-cv-12184 |
|    v. | : |
|  | : |
| Law Office of Mandy L. Spaulding; and | :   **COMPLAINT** |
| DOES 1-10, inclusive, | : |
|  | : |
|          Defendants. | : |
|  | : |

For this Complaint, the Plaintiffs, Kevin and Robbie Pollard, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Kevin Pollard (hereafter ("Kevin"), and Robbie Pollard (hereafter "Robbie" and together with Kevin, "Plaintiffs"), are each adult individuals residing in Chelmsford, Massachusetts, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Law Office of Mandy L. Spaulding ("Spaulding"), is a Massachusetts business entity with an address of 6 Wilkens Drive, Suite 207, Plainville, Massachusetts 02762, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Spaulding and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Spaulding at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

A.  **The Debt**

8.      The Plaintiffs allegedly incurred a financial obligation in the approximate amount of $611.84 (the "Debt") to Confin First Bank of Delaware (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Spaulding for collection, or Spaulding was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.  **Spaulding Engages in Harassment and Abusive Tactics**

12.      On October 23, 2012, Defendants mailed Plaintiffs a written correspondence informing Plaintiffs that she had an outstanding balance with the Creditor and demanding that Plaintiffs pay same.

13.     The letter contained the notice required by 1692(g) of the FDCPA providing for Plaintiffs' right to dispute the Debt.

14.     The letter also contained a threat to collect the Debt "through whatever legal means are available" and to "pursue the next logical course of action" if Plaintiffs did not cooperate with Defendants.

15.     The letter was not personally reviewed by Attorney Spalding.

16.     In addition, Defendants' threats above overshadowed and contradicted the 1692(g) notice.

17.     Thereafter, Plaintiffs mailed Defendants a letter disputing the ownership of the Debt and requesting Debt verification.

18.     In addition, Plaintiffs contacted Defendants by telephone requesting information regarding origin and the amount of the Debt and payment history.

19.     In his response, Defendants' representative Nicholas Amaral demanded that Plaintiffs pay the Debt in full and threatened Plaintiffs with a lawsuit if Plaintiffs failed to do so, yet again overshadowing and contradicting Plaintiffs' right to dispute the debt.

### C.  **Plaintiffs Suffered Actual Damages**

20.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22.     The Plaintiffs incorporate by reference all of the above paragraphs of this
Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged
in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in
connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used
false, deceptive, or misleading representation or means in connection with the collection of a
debt and further misrepresented the attorney's actual involvement with the collection of this debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants
threatened to take any action, without actually intending to do so.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants
employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants' threat
to sue Plaintiffs overshadowed Plaintiffs' right to dispute the debt.

28.     The foregoing acts and omissions of the Defendants constitute numerous and
multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiffs is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)
against Defendants;

4

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against Defendants;

4.  Actual damages from Defendants for the all damages including emotional

    distress suffered as a result of the intentional, reckless, and/or negligent

    FDCPA violations and intentional, reckless, and/or negligent invasions of

    privacy in an amount to be determined at trial for the Plaintiffs;

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 26, 2012

Respectfully submitted,

By   */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs