UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12184-RGS

KEVIN POLLARD AND ROBBIE POLLARD

v.

LAW OFFICE OF MANDY L. SPAULDING and DOES 1-10

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS

September 9, 2013

STEARNS, D.J.

Plaintiff Robbie Pollard[1] alleges that the Law Office of Mandy L. Spaulding (Spaulding) violated various provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by engaging in "overzealous collection tactics." Before the court is Spaulding's motion for judgment on the pleadings.

BACKGROUND[2]

Pollard incurred a debt in the amount of $611.84, which was referred to Spaulding for collection. On October 23, 2012, Spaulding mailed Pollard a

---

[1] The claims of plaintiff Kevin Pollard were dismissed by stipulation of the parties on June 12, 2013.

[2] The following background facts are gleaned from the well-pleaded allegations contained in the complaint and documents incorporated by reference therein. *See Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir 2008).

letter that stated in relevant part:

> This is the first letter being sent to you by my office, following attempts by the original creditor and a collection agency to reach you to resolve this matter.   I am not inclined to use further resources attempting to collect this debt before filing suit.
>
> I have been retained to collect this debt through whatever legal means are available and without your cooperation, I am obligated to my client to pursue the next logical course of action without delay.

Def.'s Mot. Ex B.  At the bottom of the page, in significantly smaller typeface, the letter provided a "NOTICE OF IMPORTANT RIGHTS" as required by 15 U.S.C. § 1692(g).  The notice informed Pollard that "despite the fact that you have a thirty (30) day period to dispute the debt may not preclude [sic] the filing of legal action against you prior to the expiration of the period."  Def.'s Mot. Ex B.  The letter was printed on law firm letterhead and signed "Mandy L. Spaulding, Esq."

Upon receipt of the letter, Pollard called Spaulding to request information regarding the amount of the debt and the payment history. Pollard alleges that in a conversation with Nicholas Amaral, an attorney in Spaulding's office, Amaral demanded that Pollard pay the debt in full.  He also threatened her with a lawsuit if she failed to do so.

Pollard filed this action on November 26, 2012, alleging that the letter

and responsive telephone call violated the FDCPA. Specifically, Pollard claims that Spaulding violated the FDCPA: (1) by engaging in conduct the natural consequence of which was to harass, oppress, or abuse her, 15 U.S.C. § 1692d; (2) by using false, deceptive, or misleading representation or means in connection with the collection of a debt, 15 U.S.C. § 1692e; and (3) by engaging in communication that overshadowed and contradicted her right to dispute the debt during the 30-day validation period, 15 U.S.C. § 1692g.[3]

## DISCUSSION

Rule 12(c) permits a party to move for judgment on the pleadings at any time after the pleadings are closed, so long as the motion does not delay the trial. Fed. R. Civ. P. 12(c). A Rule 12(c) motion differs from a Rule 12(b)(6) motion in that it implicates the pleadings as a whole. "In the archetypical case, the fate of such a motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004). "Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all

---

[3] Pollard has withdrawn her claim under 15 U.S.C. § 1692e(5). Pl.'s Opp'n at 1 n.1.

reasonable inferences therefrom . . . ." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2009), quoting *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006). In doing so, the court "may consider 'documents the authenticity of which are not disputed by the parties; documents central to plaintiff['s] claim; and documents sufficiently referred to in the complaint.'" *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007), quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (original alterations omitted).

The FDCPA was enacted in the wake of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). To suppress these practices while also ensuring that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," *id.* § 1692(e), the Act regulates, among other things, all forms of communications with borrowers. It prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. It further bars debt collectors from using "false representation or deceptive means to collect any debt." *Id.* § 1692e(10). And, "[a]s a response to 'the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid,' the Act gives the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." *Jacobson v.*

*Healthcare Fin. Servs., Inc.*, 516 F.3d 85 (2d Cir. 2008), quoting S.Rep. No. 95-382, at 4 (1977).  Section 1692g requires a debt collector to inform the consumer of that right.  *See* 15 U.S.C. § 1692g(a).  "Any collection activities and communication during the 30-day [validation] period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt . . . ."  *Id.* § 1692g(b).

When considering whether a particular collection notice violates sections 1692e and 1692g of the FDCPA, courts look to whether the objective "least sophisticated debtor" would find the notice improperly threatening or misleading.  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).  The "least sophisticated consumer" is an objective standard.  *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  It protects "the gullible as well as the shrewd" but "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness."  *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 612 (6th Cir. 2009) (internal quotation marks and citations omitted).  The standard presumes the consumer possesses at least "a basic level of understanding and willingness to read with care."  *Id.*

Courts have differed as to the standard applied to claims made under section 1692d.  At least one Court of Appeals has held that although the "least sophisticated consumer" standard used to evaluate claims under sections 1692e and 1692g is not precisely applicable to claims for harassing,

oppressive, or abusive conduct, "the consumer protective purposes of the FDCPA require [adoption of] an analogous standard for violations of § 1692d." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). The Court therefore concluded that claims under that section must be "viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse." *Id.* Other courts have adopted standards that look to the viewpoint of the "unsophisticated consumer," *e.g., Blair v. Sherman Acquisition*, 2004 WL 2870080, at *2 (N.D. Ill. Dec. 13, 2004), or a consumer who is "reasonable," *e.g., Graziano v. Harrison*, 763 F. Supp. 1269, 1281 & n.8 (D. N.J. 1991), *rev'd in part, vacated in part on other grounds*, 950 F.2d 107 (3d Cir. 1991).

Because Pollard's section 1692d claim fails under any standard, the court need to resolve the dispute over its application in Pollard's case. Section 1692d "is not intended to shield even the least sophisticated recipients of debt collection activities from the inconvenience and embarrassment that are natural consequences of debt collection." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991), citing *Bieber v. Associated Collection Servs., Inc.*, 631 F. Supp. 1410, 1417 (D. Kan. 1986). It "does not preclude debt collectors from making non-abusive statements designed to encourage voluntary payment," but rather prohibits "only oppressive and outrageous conduct." *Id.* Pollard has alleged no such conduct here. Letters are among the least intrusive means of communicating with a debtor, and there is no

suggestion that Spaulding communicated with Pollard by telephone other than on the one occasion that was initiated by Pollard herself. *See* 15 U.S.C. § 1692d(5) (prohibiting repeated telephone calls but imposing no limitations on the quantity of letters sent). Moreover, while Pollard is correct that even a single communication can violate section 1692d if sufficiently egregious, she does not explain how that standard is satisfied here. Neither the letter nor the telephone call is alleged to have contained language that was obscene, profane, or threatened physical harm, for example, *see id.* § 1692d(1)-(2), and courts have consistently held that the mere threat of litigation does not give rise to liability under 1696d, *see, e.g., Jeter*, 760 F.2d at 1178. Pollard's section 1692d claim therefore fails as a matter of law.

Pollard's claims under sections 1692e and 1692g stand on different footing. With respect to the latter, Pollard argues that the contents of the letter would make the least sophisticated consumer uncertain as to her rights to dispute and seek validation of the debt under section 1692g.[4] *See Jacobson*, 516 F.3d at 90 ("A notice overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights."

---

[4] According to Pollard, the least sophisticated consumer's uncertainty about her rights would have been compounded by the telephone conversation with Amaral, who allegedly demanded that Pollard pay the debt in full and threatened a lawsuit if she failed to do so. Because the court finds that the letter violated the FDCPA, disposition of Pollard's section 1692g claim need not await resolution of potential factual disputes concerning the substance of the telephone conversation.

(internal quotation marks omitted)).  She takes particular issue with the letter's statements that Spaulding was "not inclined to use further resources attempting to collect this debt before filing suit" and would "pursue the next logical course of action without delay." Pollard contends that these statements obscure the fact that the debtor has a right to dispute the debt and request verification within 30 days notwithstanding any legal action undertaken during that period.  The question whether language in a collection letter overshadows or contradicts the validation notice so as to confuse a least sophisticated debtor is a question of law that may be resolved on a motion for judgment on the pleadings.  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir 1997) (collecting cases).

In disputing Pollard's section 1692g claim, Spaulding notes that the progeny of cases that have found violations of the FDCPA based on overshadowing involved communications that, while informing the debtor of her right to dispute the debt within thirty days, simultaneously demanded payment immediately or within a time frame shorter than the thirty-day validation period. *See, e.g.*, *Savino v. Computer Credit Inc.*, 164 F.3d 81, 85-86 (2d Cir. 1998) (finding a violation of Section 1692g(b) where a collection letter stated that the creditor "insists on immediate payment or a valid reason for your failure to make payment" "without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt"); *Russell v. Equifax*, 74 F.3d 30, 35 (2d Cir. 1996) (same, where

letter demanded payment in full within five days); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) (same, where letter threatened legal action if if payment was not made within ten days).  Communications that request payment with no time period specified, by contrast, have generally been found not to contradict the validation notice.  *See Peter v. GC Servs. L.P.*, 310 F.3d 344, 349-350 (5th Cir. 2002) (collecting cases).

While Spaulding is correct in her statement of the law, the court is unpersuaded by her argument that her letter falls within the latter category. A common sense reading of its contents belies Spaulding's contention that the letter did not contain a demand of immediate payment.  To be sure, the letter did not contain the terms "immediately," "now," or "today."  *See Miller v. Payco-Gen. Am. Credits*, 943 F.2d 482, 484 (4th Cir. 1991).  These terms do not, however, have talismanic significance.  *See id*. at 485.  Even in their absence, the import of the letter is plain: Spaulding had made the decision to pursue legal action, and Pollard could avoid being sued only by paying immediately. *Cf. Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) ("For a collection letter to threaten legal action under [section] 1692e(5), it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made.   Courts have found litigation threats even in indirect or oblique statements, provided that they imply legal action is underway or contemplated in the near future.") (collecting cases). This interpretation is reinforced (and

indeed, encouraged) by the fact that the letter is signed by "Mandy Spaulding, Esq." and printed on law firm letterhead. *See Gervais v. Riddle & Assoc., P.C.*, 479 F. Supp. 2d 270, 274 (D. Conn. 2007), quoting *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136-137 (4th Cir. 1998) ("'Because to most consumers, the relevant distinction between a collection agency and an attorney is the ability to sue,' a letter signed by an attorney signals to the unsophisticated consumer that legal action is at hand."). Such threats are tantamount to a demand for immediate payment. *See Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808 (M.D. N.C. 2011) (concluding that a threat of imminent legal action could reasonably be interpreted by the least sophisticated consumer as a demand to pay at once).

Spaulding objects that "[t]he FDCPA does not prohibit debt collectors from encouraging consumers to pay their debts." Def.'s Mem. at 6, quoting *Kramsky v. Trans-Continental Credit & Collection Corp.*, 166 F. Supp. 2d 908, 912 (S.D.N.Y. 2001). She is right that the Act does not bar a debt collector from threatening litigation (or even commencing suit) during the validation period. *See Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). Several circuit courts have held, however, that if the debt collector chooses to demand immediate payment, it must pair that demand with transitional language informing the consumer that the demand does not override the consumer's right to dispute the debt and seek verification. *See, e.g., Savino*, 164 F.3d at 85-86; *Bartlett*, 128 F.3d at 500-501. As one court has explained,

the debt collector's right to demand payment and the consumer's right to seek verification "are not inconsistent, but by failing to explain how they fit together the letter confuses." *Bartlett*, 128 F.3d at 500.

Spaulding claims to have provided the requisite transitional language by notifying Pollard that "despite the fact that you have a thirty (30) day period to dispute the debt may not preclude the filing of legal action against you prior to the expiration of the period." This sentence does little to clarify potential confusion and falls far short of the transitional language approved by other courts.[5]  Rather than "notify the consumer that their right to dispute is

---

[5] A number of courts have provided sample transitional language that would effectively explain that a debtor's right to dispute the debt coexists with the debt collector's right to collect. The Second Circuit, for instance, recommended the following:

> Although we have requested that you make immediate payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt. Your rights are described on the reverse side of this notice.

> Our demand for immediate payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described on the reverse side of this notice.

*Savino*, 164 F.3d at 86. The Seventh Circuit recommended similar language in *Barlett*. *See* 128 F.3d at 501-502. Debt collectors who elect to stray from these judicially approved examples do so at their own risk.

preserved[,] Spaulding's language . . . goes to great lengths to tell the consumer that Spaulding's right to pursue legal action is preserved."  Pl.'s Opp'n at 6.  The court therefore concludes that the letter, read as a whole, violates section 1692g.

Pollard may also have a viable claim for use of a false, deceptive, or misleading representation or means.  The gravamen of her complaint under section 1692e is that Spaulding misrepresented her actual involvement in the collection of the debt by signing her name to a letter that she allegedly did not review.[6]  Spaulding demurs, arguing that there is no requirement that she review each specific letter originating from her office.  While this may be true in a strict sense, Spaulding's response fails to recognize the long line of cases holding that a letter which purports to be from an attorney violates section 1692e if the attorney in fact played no genuine role in the process by which the letter was sent.  *See, e.g.*, *Lesher v. Law Offices of Mitchell N. Kay, P.C.*, 650 F.3d 993, 1002-1003 (3d Cir. 2011); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Avila v. Rubin,* 84 F.3d 222,

---

[6] Although plead under the general ban in section 1692e and under subsection (10), this allegation is perhaps best characterized as a violation of subsection (3), which prohibits the false representation that a collection letter is a "communication . . . from an attorney." 15 U.S.C. § 1692e(3).  The court also notes that while Pollard appears to allege in her Complaint that Spaulding violated the general ban by way of acts other than the alleged misrepresentation of her involvement, *see* Compl. ¶ 24, she fails to specify in either her Complaint or her Opposition what additional acts she considers problematic.

228-230 (7th Cir. 1996); *Clomon*, 988 F.2d at 1320-1321.  A collection letter "from" an attorney implies that the attorney reviewed that debtor's file and formed an opinion about how to manage the debtor's case, suggesting to the debtor that "the price of poker has just gone up."  *Avila*, 84 F.3d at 229. Accordingly, "if a debt collector . . . wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file."  *Id.*  "In the alternative, a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter."  *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009).

Spaulding's use of law firm letterhead and her signature on the letter are sufficient to give the least sophisticated consumer the impression that the letter was a communication from an attorney.  *Clomon*, 988 F.2d at 1320. This impression is reinforced by the letter's statements that Spaulding was "not inclined to use further resources attempting to collect this debt before filing suit" and was "obligated to [her] client to pursue the next logical course of action without delay."  Such statements suggest that Spaulding had reviewed Pollard's case and deemed it ripe for legal action.  *See id.* at 1320-1321.  Moreover, the court believes that as a matter of law the statement that "[t]he Law Office of Mandy Spaulding is acting as a debt collector pursuant to

the FDCPA," made in small typeface at the bottom of the letter, is insufficient to dispel this impression.  "Debt collector" and "attorney" are not mutually exclusive categories.  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 223 (3d Cir. 2008).  Thus, unlike statements plainly indicating that "no attorney with this firm has personally reviewed the particular circumstances of your account," Spaulding's fails to communicate to the least sophisticated consumer that she was not acting as an attorney at the time of the letter's transmission.  *Cf. Gonzalez*, 577 F.3d at 606-607 (concluding that the effectiveness of a disclaimer stating that no attorney had reviewed the debtor's file and which was printed on the back of the collection letter was a question of fact for a jury); *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005) (upholding a grant of summary judgment in favor of a law firm where the same disclaimer was printed on the front of the collection letter).

Because Spaulding has failed to disclaim attorney involvement, she can avoid liability under section 1692e only by demonstrating that she was in fact meaningfully involved in the letter's transmission.  She denies Pollard's allegation that she was not, asserting that she "did review the form of this letter."  Def.'s Mem. at 9 n. 4.  This claim thus raises factual disputes that cannot be resolved at this stage of the proceedings.  Accordingly, Spaulding's motion for judgment on the pleadings on the section 1692e claim will be denied.

## ORDER

For the foregoing reasons, Spaulding's Motion for Judgment on the Pleadings is <u>ALLOWED</u> as to Pollard's claim under 15 U.S.C. § 1692d.  It is <u>DENIED</u> as to the claims made pursuant to 15 U.S.C. §§ 1692e and 1692g. The Clerk will enter judgment in Pollard's favor on her § 1692g claim.  Pollard is directed to inform the court within ten (10) of the date of this order whether she intends to proceed with her § 1692e claim.  If she does not, she shall submit at that time an affidavit of damages and any application for an award of reasonable attorney's fees.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE